UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LUXOTTICA GROUP S.p.A., et al.,

                                      Plaintiffs,

                                                                          Case # 19-CV-6582-FPG

v.

                                                                          DECISION AND ORDER

WAFA ALI INC., et al.,

                                      Defendants.

## INTRODUCTION

In August 2019, Plaintiffs Luxottica Group S.p.A. ("Luxottica") and Oakley, Inc. ("Oakley") brought this trademark infringement action against Wafa Ali Inc. and two of its alleged owners or agents, Ali Saleh and Carmelo Gimeli. ECF No. 1. On October 3, 2019, the Clerk of Court filed an entry of default against Wafa Ali Inc. and Saleh after they failed to appear or otherwise defend.[1] ECF No. 11. On June 23, 2021, the Court entered a default judgment against Defendants Wafa Ali Inc. and Saleh. ECF No. 34. In May 2023, Defendants moved to set aside the default judgment, arguing that service was not properly effectuated. ECF No. 35. Plaintiffs oppose the motion.[2] ECF No. 38. For the following reasons, Defendants' motion is GRANTED.

## DISCUSSION

Defendants move to set aside the default judgment because they "never received a copy of the Summons and Complaint" and were therefore "unaware that an action was pending against them." ECF No. 35 at 5.

---

[1] Gimeli appeared and filed an answer to the complaint, ECF No. 8, and later settled the claims against him. *See* ECF No. 28.

[2] In addition to opposing the motion on the merits, Plaintiffs argue that the motion fails to conform to the local rules, in that it "fail[ed] to state the grounds for relief" and "improperly includ[ed] legal argument and authorities in the attorney affidavit." ECF No. 38 at 1. Because Plaintiffs were able to substantively respond to Defendants' motion notwithstanding these alleged defects, the Court declines to deny the motion on that basis.

1

Federal Rule of Civil Procedure 55(c) permits a district court to "set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b), in turn, lists several grounds on which a court may rely to "relieve a party . . . from a final judgment." Fed. R. Civ. P. 60(b). Under subsection (b)(4), a court may set aside a judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). This provision is unique because, "while relief under most provisions of Rule 60(b) is discretionary, relief under Rule 60(b)(4) is mandatory."[3] *Vega v. Trinity Realty Corp.*, No. 14-CV-7417, 2021 WL 738693, at *4 (S.D.N.Y. Feb. 24, 2021). "One common reason that a void judgment issues is because of defective service that fails to properly put a defendant on notice of the complaint against him. Without proper service a court has no personal jurisdiction over a defendant." *Hawthorne v. Citicorp Data Sys., Inc.*, 219 F.R.D. 47, 49 (E.D.N.Y. 2003); *see also Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected."). Therefore, "[i]f service is improper, a default judgment rendered after such service . . . *must* be vacated." *Cablevision Sys. NY City Corp. v. James*, No. 01-CV-8170, 2008 WL 821513, at *1 (E.D.N.Y. Mar. 24, 2008) (emphasis added).

"Typically, the burden of proof in Rule 60(b)(4) motions is properly placed on the party asserting that the judgment is not void." *Singh v. Meadow Hill Mobile Inc.*, No. 20-CV-3853, 2023 WL 3996867, at *3 (S.D.N.Y. June 14, 2023). Although that burden shifts to the defaulting defendant if it "had actual notice of the original proceeding but delayed in bringing the motion," *De Curtis v. Ferrandina*, 529 F. App'x 85, 85 (2d Cir. 2013) (summary order), where it is "in

---

[3] Because of its unique character, a court considering a motion under Rule 60(b)(4) need not assess the "three-part test applicable to most motions for relief under . . . Rule 60(b)." *Vega*, 2021 WL 738693, at *5. Plaintiffs' opposition, which is grounded on that three-part test, is therefore unpersuasive. *See* ECF No. 38 at 3. In particular, Plaintiffs' argument on the issue of timeliness must be rejected. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 124 (2d Cir. 2008) ("[I]t has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void may be made at any time." (internal quotation marks omitted)).

dispute whether the defendant had actual notice before the entry of default judgment, . . . the burden of proof properly remains with the plaintiff." *Weingeist v. Tropix Media & Ent.*, No. 20-CV-275, 2022 WL 970589, at *4 (S.D.N.Y. Mar. 30, 2022).

The Court concludes that the default judgment must be set aside under Rule 60(b)(4) for lack of proper service. The Court begins by summarizing the relevant evidence in the record.

On August 30, 2019, Plaintiffs purported to effect service by personally delivering copies of the summons and complaint to 597 West Broad Street in Rochester—Wafa Ali Inc.'s alleged principal place of business. *See* ECF No. 1 ¶ 7; *see also* ECF Nos. 5, 7. The documents were left with Gimeli, who was described as a "Co-Worker" in Saleh's affidavit of service, ECF No. 7 at 1, and as an "Officer . . . authorized to receive service" in Wafa Ali Inc.'s affidavit of service. ECF No. 5 at 1. On September 3, 2019, Plaintiffs also sent copies of the summons and complaint to Saleh at the same address via first-class mail. ECF No. 7 at 2.

Ali Mohamed Saleh (Saleh's son) and Gimeli have submitted affidavits in connection with Defendants' motion. Saleh's son states that he is the manager of Wafa Ali Inc. He notes that the business addresses of Wafa Ali Inc. have been "367 Lyell Avenue" and "43 Glenora Drive" for "more than ten years." ECF No. 35-3 ¶ 9. Saleh's son alleges that they have not done business out of the West Broad Street address for more than ten years and that the company "do[es] not even deal in the business of sunglasses." *Id.* ¶ 12. He avers that he did not learn of the lawsuit until January 2023, when he received a letter from an attorney notifying him of a related action in state court. *See* ECF Nos. 35-4, 35-5. Saleh's son states that "to this day we have never received service of any papers relating to this lawsuit." ECF No. 35-3 ¶ 6.

In his affidavit, Gimeli avers that he accepted service on August 30, 2019. *See* ECF No. 35-3 ¶ 3. However, he denies that he agreed to "accept[] service on behalf of any other person,

3

including . . . Saleh or Wafa Ali, Inc." *Id.* ¶ 4.  He denies having any "legal or corporate connection" to Defendants and denies having any authority to accept service on their behalf.  *Id.* ¶¶ 5-6.  Gimeli also avers that he never notified Defendants that he had been served on their behalf.  *Id.* ¶ 7.  Gimeli states that, in fact, 597 West Broad Street has not been the place of business for Wafa Ali Inc. since 2012.  *Id.* ¶ 11.

In response, Plaintiffs have submitted the affidavit of Brent H. Blakely, their lead counsel.  ECF No. 40.  Blakely avers that Plaintiffs had investigated the store located on West Broad Street in June 2019.  At that time, the store was called Renee's Clothing.  The investigation revealed that Gimeli was an employee of Renee's Clothing and sold counterfeit sunglasses.  Gimeli told the investigator that the store was owned by "an unidentified 'Arabic' individual." *Id.* ¶ 2.  Although Blakely does not provide details, he states that further investigation "revealed that Wafa Ali, Inc. . . . and Ali Saleh were connected to both Renee's Clothing and the associated address." *Id.* ¶ 3.  A contemporaneous search of the New York Secretary of State's website revealed that Saleh was the CEO of Wafa Ali Inc. and had a principal executive address of 597 West Broad Street.  *See* ECF No. 40-1 at 2.  While the document that Blakely attaches to his affidavit corroborates that claim, it also indicates that Wafa Ali Inc.'s address for the service of process is the Glenora Drive address, not the West Broad Street address.  *See id.*

Considering this record, the Court concludes that Plaintiffs have failed to present sufficient evidence that service was properly effectuated with respect to either Saleh or Wafa Ali Inc.

The Court first turns to Saleh.  Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served by (A) delivering a copy of the summons and of the complaint to the individual personally, (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (C) delivering a copy of

4

each to an agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(e)(2)(A)-(C). Plaintiffs have not shown compliance with any of these methods. There is no evidence that Plaintiffs served the summons and complaint on Saleh personally or left the documents at his dwelling or usual place of abode. And even if the Court were to accept Plaintiffs' allegation that Gimeli is an officer of Wafa Ali Inc. (and thus could accept service on *the corporation's* behalf), ECF No. 5 at 1, Plaintiffs present no evidence that Gimeli was authorized to accept service on *Saleh's* behalf.

Alternatively, Plaintiffs could properly serve Saleh by following applicable state law. Fed. R. Civ. P. 4(e)(1). In New York, there are "five methods for serving an individual [under N.Y. C.P.L.R. § 308]: (1) delivering the summons on the individual personally; (2) delivering the summons to the individual's place of business or residence, as well as mailing the summons to the individual at his place of business or residence, . . . ; (3) delivering the summons to an agent; (4) if neither 308(1) or 308(2) service can be made with due diligence, by affixing the summons to the door of the individual's place of business or residence, as well as mailing the summons to the place of business or residence; or (5) if 308(1), 308(2), or 308(4) is impracticable, then delivering summons in a manner specified by the court." *Cyrus v. Lockheed Martin Corp.*, No. 20-CV-6397, 2022 WL 203750, at *3 (E.D.N.Y. Jan. 24, 2022) (citing N.Y. C.P.L.R. § 308). Based on the affidavits of service, Plaintiffs appear to rely only on Section 308(2): papers were delivered to Gimeli at Saleh's purported business address and mailed to Saleh at the same address. *See* ECF No. 7 at 1-2; *see also Sackett v. Dirlam*, No. 22-CV-6245, 2023 WL 4206520, at *6 (W.D.N.Y. June 26, 2023) (noting that papers may be delivered to an individual of "suitable age and discretion" at the defendant's business address, which can include an "adult co-worker").

However, the Court concludes that Plaintiffs' affidavit of service is insufficient to prove service under Section 308(2).  The server, Douglas Thompson, avers that he "personally deliver[ed] and [left] the [papers] with **CARMELO GIMELI**, Co-Worker, a person of suitable age and discretion at that address, the actual place of [Saleh's] business."  ECF No. 7 at 1.  But Thompson fails to explain how he came to the conclusion that Gimeli was Saleh's "co-worker"— he simply identifies Gimeli as such.  Because Thompson did not state the basis for his belief, his affidavit is insufficient to show proper delivery of the papers.  *See O'Hara v. Cohen-Sanchez*, No. 22-CV-6209, 2023 WL 5979176, at *4 (E.D.N.Y. Aug. 28, 2023) (collecting cases); *Wing Chan v. Xifu Food, Inc.*, No. 18-CV-5445, 2020 WL 5027861, at *2 (E.D.N.Y. Aug. 5, 2020); *see also Assets Recovery 23, LLC v. Gasper*, No. 15-CV-5049, 2018 WL 5849763, at *6 (E.D.N.Y. Sept. 11, 2018) ("New York law requires strict compliance with *both* the personal delivery *and* mailing requirements of CPLR § 308(2)." (emphases added)).  By contrast, in his sworn affidavit, Gimeli affirmatively avers that he did not work with or for Saleh during the relevant time period.  ECF No. 35-3 ¶¶ 10-11.

Instead of moving to amend their proof of service to clarify the matter, *see* Fed. R. Civ. P. 4(*l*)(3), Plaintiffs submitted Blakely's affidavit to oppose Defendants' motion.  His affidavit does not corroborate Thompson's claim that Gimeli was Saleh's "co-worker."  Rather, Blakely states that, per Plaintiffs' investigation, Gimeli was an employee of "Renee's Clothing," an entity that was "connected to" Saleh and Wafa Ali Inc.  ECF No. 40 ¶¶ 2, 3.  Blakely does not describe this connection beyond reference to the New York Secretary of State's records.  *See* ECF No. 40-1 at 2.  Even granting that some "connection" exists, Plaintiffs fail to present sufficient evidence of what that connection is, which would be necessary before one could reasonably infer that Gimeli is an appropriate person for service on Saleh.  *See* N.Y. C.P.L.R. § 308(2) (requiring that papers

be delivered to "a person of suitable age and discretion"); *Maldonado v. Arcadia Bus. Corp.*, No. 14-CV-4129, 2015 WL 12791329, at *2 (E.D.N.Y. Aug. 27, 2015) (stating that the person "must objectively be of sufficient maturity, understanding and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant"). The apparent inconsistency between Thompson's and Blakely's affidavits as to Gimeli's relationship with Saleh further undermines an inference in Plaintiffs' favor. *See Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC*, No. 21-CV-6909, 2022 WL 18151927, at *4 (E.D.N.Y. Dec. 14, 2022) ("[T]he Court need not assume service was proper . . . if the affidavits are inconsistent or unreliable.").

Accordingly, Plaintiffs have failed to present sufficient evidence that they properly served Saleh and, therefore, they have failed to meet their burden of proving personal jurisdiction over Saleh.[4] Pursuant to Rule 60(b)(4), the default judgment must be set aside as to Saleh. *See Singh*, 2023 WL 3996867, at *3 ("A default judgment obtained by way of defective service is void *ab initio* and must be set aside as a matter of law.").

The Court turns to Wafa Ali Inc. The Federal Rules of Civil Procedure permit a plaintiff to serve a corporate defendant by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), or by serving process in accordance with state law, Fed. R. Civ. P. 4(h)(1)(A). As is relevant here, "Section 311(a)(1) of the New York Civil Procedure Law and Rules [] authorizes service upon a corporation through 'an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service.'" *Kumer v. Hezbollah*, No. 18-CV-7449, 2020 WL 6146622, at *1 (E.D.N.Y. Oct. 20, 2020) (quoting N.Y. C.P.L.R. § 311(a)(1)).

---

[4] For this reason, no evidentiary hearing on the issue of service is necessary. *See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57-58 (2d Cir. 2002).

Plaintiffs relied on these provisions to serve Wafa Ali Inc. Thompson avers that he "personally deliver[ed] and [left] the [papers] with **CARMELO GIMELI**, who informed [me] that he is an Officer and is authorized to receive service at that address." ECF No. 5 at 1. This statement is too unclear to establish proper service. First, Thompson's affidavit is unclear as to which business Gimeli claimed to be an officer of, and such clarity is necessary because the record suggests that there may have been more than one entity or business connected to the West Broad Street address. At the time Plaintiffs attempted service at the West Broad Street address, they knew it was operated under the name "Renee's Clothing," not Wafa Ali Inc. ECF No. 40 ¶ 2. In addition, they believed that Gimeli sold his own goods out of that location. ECF No. 20-2 ¶ 11. Moreover, Gimeli avers that he had operated his own business from that address since 2018. ECF No. 35-3 ¶ 10. Second, and relatedly, Thompson's affidavit does not specify the business or entity for which Gimeli claimed to be "authorized to receive service." ECF No. 5 at 1. At the time service occurred, Plaintiffs knew that Gimeli was not registered as an agent of Wafa Ali Inc., *see* ECF No. 40-1 at 2, and they knew that Wafa Ali Inc. accepted process at the Glenora Drive address, not the West Broad Street address. *See* ECF No. 40-1 at 2. While it may be that, notwithstanding these facts, Gimeli told Thompson that he was authorized to receive service *on behalf of Wafa Ali Inc.* at the West Broad Street address, the affidavit itself is unclear on the matter.

Given the lack of clarity in the affidavit, the Court concludes that Plaintiffs have failed to present sufficient evidence to show proper service on Wafa Ali Inc. *See Smith v. Smith*, No. 19-CV-1638, 2021 WL 3524160, at *2 (E.D.N.Y. Aug. 11, 2021) ("[A]n affidavit may be insufficient proof when it fails to explicitly indicate . . . that the individual being served has authority to accept

service."). Therefore, under Rule 60(b)(4), the default judgment against Wafa Ali Inc. must be set aside as a matter of law due to defective service.[5]  *See Singh*, 2023 WL 3996867, at *3.

## CONCLUSION

For the reasons discussed above, Defendants Ali Saleh and Wafa Ali Inc.'s motion to set aside the default judgment (ECF No. 35) is GRANTED.  The default judgment entered on June 23, 2021 (ECF No. 34) is hereby VACATED,[6] and the Clerk of Court is directed to reopen the case.  The parties are directed to meet and confer, and by October 27, 2023, the parties shall submit a **joint** status report summarizing the current status of this action and identifying their proposals for proceeding with this matter expeditiously.

IT IS SO ORDERED.

Dated: September 29, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[5] *See also* note 4, *supra*.

[6] Concerning the related state-court action, the Court presumes that Defendants will notify the New York County Supreme Court of this disposition.